CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 30 2008

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM ANTOINE JASPER, | ) | |
| A.K.A. EDWARD A. JASPER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00305 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. BROWN, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff William Jasper, also known as Edward Jasper,[1] has filed this pro se civil rights action under 42 U.S.C. § 1983, seeking damages in the amount of $200,000.00 for claims arising out of an incident alleged to have occurred on November 11, 2007, at Red Onion State Prison ("ROSP"), in Pound, Virginia. Plaintiff has submitted a request to proceed in forma pauperis. The court will deny that request, and will dismiss the instant complaint without prejudice.

According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore,

---

[1] Plaintiff's name is "William Antoine Jasper," but he often files complaints in the federal courts using the name "Edward Antoine Jasper." Plaintiff's Virginia Department of Corrections identification number is 290522.

[2] As "William Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Dailey, et al., 1:99cv01683 (E.D. Va. June 27, 2000); Jasper, et al. V. Harper, et al., 1:99cv01497 (E.D. Va. March 27, 2000); Jasper v. Rodriguez, et al., 7:00cv00159 (W.D. Va. May 16, 2000); Jasper v. Biggerstaff, et al., 1:01cv01059 (E.D. Va. September 17, 2001) (wherein plaintiff was explicitly notified of his "three strike" status); Jasper v. Henry, et al., 1:01cv01138 (E.D. Va. August 15, 2001); and Jasper v. Harper, et al., 1:00cv00374 (E.D. Va. March 27, 2000). Additionally, the following claims were dismissed, after the assessment of plaintiff's status as a "three striker," for plaintiff's failure to prepay the filing fee in full: Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005); Jasper v. King, et al., 1:05cv00446 (E.D. Va. July 31, 2005); Jasper v. Lyle, et al., 1:05cv00488 (E.D. Va. July 31, 2005). After the dismissal of Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005), for failure to pay the fee in full, plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which entered an order specifically remarking plaintiff's ineligibility to proceed without full prepayment of the fees because of his "three strike" status. See Fourth Circuit Case No. 05-6805 (October 6, 2005).

As "Edward Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Fugate, 7:08cv00014 (W.D. Va. January 15, 2008); Jasper v. Mullins, et al., 7:07cv00497 (W.D. Va. November 8, 2007); and Jasper v. Fugate, 7:07cv00556

(continued...)

plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court will dismiss the complaint without prejudice.[4]

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 30th day of April, 2008.

/s/ Jame Conrad
United States District Judge

---

[2](...continued)
(W.D. Va. November 29, 2007).

[3] Plaintiff, an inmate in the segregated housing unit ("SHU") at ROSP. states that, during "pill pass" on November 11, 2007, a correctional officer injured plaintiff when he slammed the security box on plaintiff's door down on plaintiff's hand as plaintiff reached through the door slot. Plaintiff asserts that he was denied medical care for injuries received to his hand, yet he acknowledges that he was examined by the nurse who was administering "pill pass" and was present during the incident. Documentation of plaintiff's attempts to exhaust the available administrative remedies indicates that plaintiff stuck both hands in the security box, refused to remove them, and then attempted to knock the security box off the door, and that the nurse examined him on the spot and determined that he was not injured. Accordingly, the court finds that plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm arising from an incident alleged to have occurred during "pill pass" on November 11, 2007.

Plaintiff is further advised that it appears that he has not exhausted all available administrative remedies as required by 42 U.S.C. § 1997e(a). Should he wish to re-file the instant complaint, he is advised that he must first properly exhaust all available administrative remedies. See, e.g., Woodford v. Ngo, 548 U.S. 81, __, 126 S. Ct. 2378, 2385-86 (2006).

[4] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See Fourth Circuit Case No. 05-6805 (October 6, 2005) (informing plaintiff that at least three of his actions had been dismissed by district courts and met the dismissal requirements of § 1915(g), and that "[t]he three qualifying dismissals are: Jasper v. Biggerstaff, No. 01-CV-1059 (E.D. Va. Sept. 17, 2001); Jasper v. Henry, No. 01-CV-1138 (E.D. Va. Aug. 15, 2001); and Jasper v. Rodriguez, No. 00-CV-159 (W.D. Va. May 16, 2000)"); see also Jasper v. Adams, et al., 7:08cv00011 (W.D. Va. January 24, 2008); Jasper v. Deel, et al., 7:08cv00044 (W.D. Va. January 25, 2008); and Jasper v. Honaker, et al., 7:07cv00393 (W.D. Va. January 24, 2008). Therefore, the court will not give plaintiff additional time to pay the filing fee.

2